# EXHIBIT I

§15.01. All notices under this contract shall be in ⌐ and shall be delivered personally or shall ⌐ut by aid registered or certified mail, addressed as ⌐rth in ⌐edule D, or as Seller or Purchaser shall otherwise have given notice as herein provided.

### Section 16. Limitations on Survival of Representations, Warranties, Covenants and other Obligations

§16.01. Except as otherwise provided in this contract, no representations, warranties, covenants or other obligations of Seller set forth in this contract shall survive the Closing, and no action base thereon shall be commenced after the Closing. The representations, warranties, covenants and other obligations of Seller set forth in §4.03, §6.01 and §6.02 shall survive until the Limitation Date specified in Scheduled D (or if none is so specified, the Limitation Date shall be the date which is six months after the Closing Date), and no action based thereon shall be commenced after the Limitation Date.

§16.02 The delivery of the deed by Seller, and the acceptance thereof by Purchaser, shall be deemed the full performance and discharge of every obligation on the part of Seller to be performed hereunder, except those obligations of Seller which are expressly stated in this contract to survive the Closing.

### Section 17. Miscellaneous Provisions

§17.01. If consent of the Existing Mortgagee(s) is required under §2.03(b), Purchaser shall not assign this contract or its rights hereunder without the prior written consent of Seller. No permitted assignment of Purchaser's rights under this contract shall be effective against Seller unless and until an executed counterpart of the instrument of assignment shall have been delivered to Seller and Seller shall have been furnished with the name and address of the assignee. The term "Purchaser" shall be deemed to include the assignee under any such effective assignment.

§17.02. This contract embodies ⌐ ⌐nstitutes the entire understanding between the parties ⌐spect to the transaction contemplated herein and all prior agreements, understandings, representations and statements, oral or written, are merged into this contract. Neither this contract nor any provision hereof may be waived, modified, amended, discharged or terminated except by an instrument signed by the party against whom the enforcement of such waiver, modification, amendment, discharge or termination is sought, and then only to the extent set forth in such instrument.

§17.03. This contract shall be governed by, and construed in accordance with, the law of the State of New York.

§17.04. The captions in this contract are inserted for convenience of reference only and in no way define, describe or limit the scope or intent of this contract or any of the provisions hereof.

§17.05. This contract shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs or successors and permitted assigns.

§17.06. This contract shall not be binding or effective until properly executed and delivered by Seller and Purchaser.

§17.07. As used in this contract, the masculine shall include the feminine and neuter, the singular shall include the plural and the plural shall include the singular, as the context may require.

§17.08. If the provisions of any schedule or rider to this contract are inconsistent with the provisions of this contract, the provisions of such schedule or rider shall prevail. Set forth in Schedule D is a list of any and all schedules and riders which are attached hereto but which are not listed in the Table of Contents.

IN WITNESS WHEREOF, the Parties hereto have duly executed this Contract as of the date first above written.

SELLER(S):

_[signature]_
Goldan, LLC

BUYER(S):

_The Capone Revocable Trust dated July 31, 1995_

By: _[signature]_ PETER CAPONE, TRUSTEE

Receipt by Escrowee:
The undersigned Escrowee hereby acknowledges receipt of, by check subject to collection, to be held in escrow pursuant to §2.05.

_[signature]_
_____ C. Daniels, Esq

JUN 2 6 2007