FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★ DEC 14 2009 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PETER CAPONE, THE CAPONE REVOCABLE
TRUST, PETER CAPONE DB PENSION PLAN
AND CHESAPEAKE HILLS GENERAL PARTNERSHIP,
                                                    Plaintiffs

- against -

MARK GOLDMAN, JEFF DANIELS, GOLDMAN
AND GOLDMAN, LLC, JEFFREY C. DANIELS, P.C.
LEVIN & DANIELS, LLC and ANDREA
GOLDMAN,
                                                    Defendants

09 CIV 1208
ANSWER
SJF-AKT

Mark Goldman, answering the Complaint alleges:

1. Denies the allegations set forth in Paragraphs 1, 2, 3 and 4 except Defendant admits to obtaining funds from the Plaintiffs as loans for various real estate ventures.

2. Denies the allegations set forth in Paragraphs 17, 24, 25. As to the recitation of events asserted in Paragraphs 21 to 29 inclusive, Defendant asserts that Ms. Cox has submitted an affidavit but that the assertions are not accurately set forth. Defendant has not entered a plea to said charges and upon advice of criminal counsel, respectfully declines to answer based upon the protections afforded by the Fifth Amendment.

3. With respect to Paragraphs 21 to 29 inclusive, defendant denies Plaintiff invested w/ Defendant.

4. Denies the allegations set forth in Paragraphs 30, 32, 33, 34 and 35.

5. Denies the allegations set forth in Paragraphs 36, 37, 38 and 39.

6. With respect to Paragraphs 40 to 46, Defendant denies Plaintiff invested w/ Defendant and Goldan, LLC. Defendant does admit receiving the funds as alleged but asserts said funds were loans to Goldan, LLC and for which Plaintiff was to receive interest, whose rates of return were to vary.

7. Denies the allegations set forth in Paragraph 47, 48 and that the general lien referred to in paragraph 50 was of Goldan, LLC not a general lien of Defendant's personal property.

8. Denies the allegation in Paragraph 55 that the loan was to defendant herein, individually.

9. Denies the allegations in Paragraph 63 that Plaintiff was to purchase a 50% interest in Goldan's properties at 3366 and 3375 Park Ave. Wantagh, New York.

10. Denies the allegations set forth in Paragraph 68, 75, 77, 82, 83, 87, 88, 89 and 90.

11. Denies the allegations set forth in Paragraphs 89, 91, 93, 96, and 98.

12. Denies the allegations set forth in Paragraphs 102, 106, 109, 111, 114, 117, 119, 121, 122 and 123.

13. Denies the allegations set forth in Paragraphs 125, 127, 128, 129, 131, 133, 135, 137, 139, 141 and 142.

## AFFIRMATIVE DEFENSE

14. It was never the intent of the partys that Plaintiff or any of its entities would obtain ownership of any property of Gordan, LLC. Any and all actions were designed to assist Plaintiff in avoiding having to pay capital gains tax. All 1031 tax exchange transactions where a sham. Plaintiff was to receive interest payments only as all sums advanced were, in actuality, loans.

Dated: East Meadow, NY
December 8, 2009

Mark Goldman
Mark Goldman, Pro Se
100 Carmen Ave
E. Meadow NY 11554.