UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF New York

------------------------------------X

Peter Capone, The Capone Revocable Trust,
Peter Capone Defined Benefit Pension Plan
and Chesapeake Hills General Partnership,
                    Plaintiffs

    — against —

Mark Goldman, Jeff Daniels, Goldman
and Goldman, LLC, Jeffrey C. Daniels, P.C.,
Levin & Daniels, LLC and Andrea Goldman,
                    Defendants

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   DEC 14 2009   ★

LONG ISLAND OFFICE

Third Party Complaint

09 Civ 1208
SJF - AKT

------------------------------------X

Mark Goldman,
       Defendant and Third
       Party Plaintiff

    — against —

Ken Fox,
       Third Party Defendant

------------------------------------X

Third Party Plaintiff alleges:

1. Third Party Plaintiff is a resident of the State of New York.

2. Third Party Defendant, Ken Fox is a resident of the State of New York.

3. Third Party Defendant is a certified public accountant maintaining an office for his practice at 53 North Park Ave, Rockville Center, New York.

4. At all times prior to the occurrences alleged in the complaint Third Party Defendant was the accountant for Third Party Plaintiff's business and personal ventures.

5. Third Party Defendant had full and complete access to all of Third Party Plaintiff's personal and business records.

6. Upon information & belief, Third Party Defendant was also the accountant for Plaintiff both during and prior to the periods alleged in the Complaint.

7. On or about 2001, Third Party Defendant introduced Third Party Plaintiff to Plaintiff. According to Third Party Defendant, Fox, the Plaintiff, Capone both individually and through his pension plan and other business ventures was looking to make loans and to obtain interest rates of between 11 to 12 percent per annum.

8. For his work in arranging these loans, Fox was to be paid additional fees by Third Party Plaintiff, Goldman's real estate company, Goldan LLC.

9. Beginning in 2001, Capone began making loans to Goldan, LLC and Goldan paid the agreed upon

interest as well as the agreed upon fees as demanded by Fox.

10. Thereafter, Fox advised Goldman that Plaintiff Capone was about to sell a golf course, primarily owned by Capone located in the state of Maryland. Fox further advised that Capone and the actual entity owning the golf course, Chesapeake Hills General Partnership wanted to defer or avoid paying capital gains tax and intended to take advantage of the rules provided by section 1031 of the United States Code by obtaining a "replacement property" as defined therein.

11. Thereafter a scheme was devised between Capone, Fox and Goldman to use various Goldman properties as "replacement properties" so as to allow Capone to take advantage of the rules of 1031 tax free exchanges.

12. Since Capone was not interested in being an owner, he insisted on receiving his interest rate as it was agreed between the parties that the funds were to be treated as loans, not investments.

13. The "1031 purchases" were merely shams to avoid the payment of capital gains tax.

14. Third party Defendant Fox was to handle the bookkeeping and was paid additional fees by Goldman for those services in addition to the fees paid for his roles in establishing

as the scheme.

15. Third party Plaintiff, through his company Golden completed the Chesapeake Hills transaction and another transaction in 2007.

16. In total the sham 1031 transactions involved approximately $7,500,000 worth of property.

17. Upon information & belief, Plaintiffs have submitted tax returns asserting these transactions to be legitimate 1031 transactions even though the parties always intended the advances to be loans, not sales.

18. Upon information and belief, Third Party Defendant prepared the aforementioned tax returns.

19. Now, as a result of Golden's bankruptcy filing, Plaintiff has asserted that the true nature of the transactions were 1031 sales so as to be able to obtain a priority over the remaining creditors of Golden, LLC.

20. If Plaintiff recovers judgment against Defendant, Defendant and Third Party Plaintiff should be entitled to recover the amount of such judgment from Third Party Defendant for

WHEREFORE, Third Party Plaintiff Goldman demands judgment against Third Party Defendant Fox for all sums that may be adjudged against Goldman including costs and disbursements.

Dated: East Meadow, NY
December 9, 2009

*Mark Goldman*
Mark Goldman
Third Party Plaintiff
108 Conron Ave
East Meadow NY 11554



Honorable Sandra J. Feuerstein
US District Court
100 Federal Plaza
Central Islip, N.Y. 11722-4449

C.S. ACTON 7653
Location
100 CARMAN AVENUE
EAST MEADOW, NEW YORK 11554-1146